IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION


TIMOTHY MORRISON                                                    PLAINTIFF

v.                              CASE NO. 2:08CV0050 BSM

ARKANSAS DEPARTMENT
OF CORRECTION                                                        DEFENDANT


ORDER

Defendant's motion for summary judgment [Doc. No. 19] is granted.

I.  FACTS

This is the second case to come before this court stemming from a 2007 Internal

Affairs (IA) investigation into inmate abuse at the East Arkansas Regional Unit at Brickeys,

Arkansas (EARU).   The first case was *Felicia Phillips v. Arkansas Department of

Correction*, No. 2:08cv00043 BSM.

Plaintiff Timothy Morrison began working for defendant Arkansas Department of

Correction (ADC) on May 3, 2003. [π's undisputed facts ¶1] as a "COII."  [π's undisputed

facts ¶1].  In May 2007, the mother of EARU inmate Michael Butler contacted the Arkansas

governor's office alleging abuse and a representative of the governor's office contacted IA.

[π's undisputed facts ¶¶3 and 4; Δ's undisputed facts ¶1].  EARU's assistant warden also

forwarded to IA, a letter written by Butler describing an incident on May 17, 2007, in which

he was physically abused by several correctional officers while in "ISO3."[1] [π's undisputed facts ¶5; Δ's undisputed facts ¶1].

IA interviewed Butler and then commenced a five to six week investigation into the alleged incident. [π's undisputed facts ¶5; Δ's undisputed facts ¶¶7 and 9]. Unit security logs revealed that Morrison was among the officers in ISO3 with inmate Butler during the May 17 incident. [Δ's undisputed facts ¶9]. During the course of the investigation, another inmate, Donnie May, reported being abused by officers while in ISO3. [Δ's undisputed facts ¶10]. The unit's security logs revealed that Morrison was also present during this incident. [Δ's undisputed facts ¶9].

At the conclusion of IA's investigation, Warden Greg Harmon terminated eight officers, including Morrison, and suspended four other officers for thirty days. [Δ's undisputed facts ¶11]. Seven of the eight terminated officers were black. [Δ's undisputed facts ¶12]. The four suspended officers were also black. [Δ's undisputed facts ¶12]

Morrison was notified of his termination in a letter dated August 9, 2007. [π's undisputed facts ¶2, Δ's undisputed facts ¶11]. The termination letter cited violation "AD00-10 section (1-P), violation of published policies and (21-E), physical abuse used to punish." [August 9, 2009 termination letter]. On January 2, 2008, Morrison filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging he

---

[1]For a full recitation of the contents of inmate Butler's letter see the court's March 23, 2009 order in *Felicia Phillips v. Arkansas Department of Correction*, No. 2:08cv00043 BSM [Doc. No. 39] granting the ADC's motion for summary judgment.

was terminated because he is black. [Δ's undisputed facts ¶13]. The EEOC issued Morrison a right-to-sue letter and Morrison commenced the present action alleging that his termination violated Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act (Ark. Code Ann. § 16-123-101, *et seq.*)

## II. STANDARD

Summary judgment is appropriate where there are no genuine issue as to any material fact in dispute and the moving party is entitled to a judgment as a matter of law. *Miners v. Cargill Commc'n*, 113 F.3d 820, *822 (8th Cir. 1997). Summary judgment is appropriate only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Id.* at *823. Thus, the moving party must demonstrate that no genuine issues of material fact remain to be resolved. *Id.* The district court reviews the evidence in the light most favorable to the nonmoving party. *Larson v. Kempker*, 414 F.3d 936, *939 (8th Cir. 2005); *Oak River Ins. Co. v. Truitt*, 390 F.3d 554, *557 (8th Cir. 2004). To overcome a motion for summary judgment, the nonmoving party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the nonmoving party's favor. *Reed v. Lear Corp.*, 556 F.3d 674, *678 (8th Cir. 2009).

## III. DISCUSSION

A.   Discrimination

Morrison fails to show that he was fired because he was black or that his termination

was motivated by discriminatory animus.  Indeed, the warden who fired him is black and eighty percent of the officers at EARU are black.  [ π's deposition p. 6;  Δ's undisputed facts ¶12].  The evidence is clear that Morrison was fired because he abused inmates.

The *McDonnell Douglas* burden shifting framework governs claims of race discrimination under Title VII and Section 1981.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973); *Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, *1196 (8th Cir. 2006).  Under the *McDonnell Douglas* framework, Morrison bears the burden of establishing a prima facie case of discrimination.  *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, *864 (8th Cir. 2008); *Elnashar v. Speedway Superamerica, LLC.*, 484 F.3d 1046, *1055 (8th Cir. 2007).  To establish a prima facie case of race discrimination, Morrison must show that: (1) he belonged to a protected class; (2) that he was meeting his employer's legitimate job expectations; (3) that he suffered an adverse employment action; and (4) that similarly situated employees outside the protected class were treated differently.  *Fields*, 520 F.3d at *864.  If Morrison establishes a prima facie case, then the burden shifts to the ADC to articulate a legitimate reason for Morrison's discharge.  *Gordon*, 469 F.3d at *1196;  *Riser v. Target*, 458 F.3d 817, *820 (8th Cir. 2006).  Once the ADC articulates a legitimate, nondiscriminatory reason for its action, the burden shifts back to Morrison to prove that the nondiscriminatory reason was pretext for discrimination.  *Elnashar*, 484 F.3d at *1055; *Riser*, 458 F.3d at *820.

The ADC asserts that Morrison's case fails because Morrison is unable to show that

similarly situated employees outside the protected class were treated differently.  To establish that a similarly-situated employee received more favorable treatment, the evidence must show that the similarly-situated employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.  *Equal Employment Opportunity Comm'n v. Trans State Airlines*, 462 F.3d 987, *993-94 (8th Cir. 2006); *Tolen v. Ashcroft*, 377 F.3d 879, *882 (8th Cir. 2004).

During his deposition, Morrison asserted that two white officers, Lieutenant Billy Clark and Sergeant James Mallard, had abused inmates and had not been terminated.  Documents submitted by the ADC in support of its motion for summary judgment reveal that, in 2004, following a request by Warden Harmon for investigation into allegations of abuse by Lieutenant Clark, IA substantiated the claims of abuse and that Lieutenant Clark was terminated. [Declaration of Greg Harmon ¶7; Declaration of James Gibson ¶4].  Sergeant Mallard was not a subject of the 2004 investigation. [Declaration of James Gibson ¶5].  The ADC records indicate that Mallard was not working on the day of the incident. [Δ's undisputed facts ¶18].

Morrison disputes the ADC's evidence as to Sergeant Mallard.  He states that he has sworn statements from others stating that Sergeant Mallard engaged in inmate abuse and that these statements create a genuine issue of fact.  Morrison failed to include these statements with his response.

After viewing the evidence in a light most favorable to Morrison, the court finds that

Morrison fails to show that similarly situated employees outside the protected class were treated differently.  To the contrary, the evidence shows that similarly situated employees outside the protected class were subjected to the same treatment as Morrison.  In the absence of evidence establishing that similarly situated employees outside the protected class were treated differently, Morrison cannot establish a prima facie case of discrimination.

Even if Morrison were able to establish a prima facie case of discrimination, he can not show that the legitimate reason articulated by the ADC for his termination is mere pretext for discrimination.  Morrison was terminated because he abused inmates, which violates the ADC's rules.  Morrison believes that this is mere pretext because ADC healthcare officials who examined inmate Butler were unable to find any evidence of bruising, scrapes, or scratches on inmate Butler.  Morrison asserts that the lack of "hard physical evidence" establishes that the stated reason for his termination is mere pretext.

A plaintiff may make a sufficient showing of pretext by different means, including showing that an employer: (1) failed to follow its own policies; (2) treated similarly-situated employees in a disparate manner; and (3) made substantial changes over time in its proffered reason for an employment decision.  *Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC.*, 471 F.3d 843, *847 (8th Cir. 2006).  Regardless of the method employed to prove pretext, a plaintiff must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations.  *Id*.  Even if an employer fires an employee based upon a mistaken belief, the employee still must offer some evidence that racial animus was at the root of the

6

termination.  *Id*.

B.    Retaliation

Morrison concedes that he does not have a viable claim for unlawful retaliation.  He admits that he has not engaged in any protected speech or activities prior to his termination.

C.    State Law Claims

There are no issues of material fact at issue on Morrison's two state law claims and they are therefore dismissed.

Morrison alleges a claim for the  "tort of outrage" and a violation of the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq*.  The ADC argues that Morrison's tort of outrage and violation of the Arkansas Civil Rights Act claims must be dismissed because the Eleventh Amendment bars such suits when brought against the State.  Morrison concedes that his tort of outrage claim should be dismissed.  Further, the defendant is an arm of the state of Arkansas and private parties are barred from suing a state in federal court.  *Dover Elevator Co. v. Arkansas State University*, 64 F.3d 442, *447 (8th Cir. 1995). Therefore summary judgment is appropriate on both of these claims.

IV.  CONCLUSIONS

Viewing the evidence in a light most favorable to Morrison, there are no genuine issues of material fact in dispute on Morrison's discrimination claim and summary judgment is granted on that claim.  Morrison concedes that he does not have a claims for retaliation or the tort of outrage and summary granted on those claims.  Pursuant to the Eleventh

Amendment, the ADC immune from suit regarding Morrison's ACRA claim and therefore summary judgment is granted on that claim.   Accordingly, the court grant's the ADC's motion for summary judgment [Doc. No. 19].   Morrison's complaint is dismissed with prejudice and all remaining pending motions are denied as moot.

IT IS SO ORDERED this 26th day of June, 2009.


_____

UNITED STATES DISTRICT JUDGE